```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
     -against-                      :     No. 19 Cr. 2 (JFK)
                                    :
HECTOR BATISTA,                     :          ORDER
                                    :
               Defendant.           :
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/11/2021

**JOHN F. KEENAN, United States District Judge:**

On April 27, 2021, the Court received a <u>pro se</u> motion from Defendant Hector Batista renewing an earlier motion that he filed on May 7, 2020, which sought compassionate release and which the Court denied on June 16, 2020, because Batista posed a danger to the community, he failed to articulate an extraordinary and compelling reason why his sentence should be reduced, and application of the 18 U.S.C. § 3553(a) sentencing factors outweighed any reduction in Batista's sentence. <u>See</u> <u>United States v. Batista</u>, No. 19 Cr. 2 (JFK), 2020 WL 3249233, at *3–4 (S.D.N.Y. June 16, 2020). Batista's renewed motion once again argues that he is deserving of compassionate release in light of the COVID-19 pandemic because he suffers from asthma, hypertension, and high cholesterol. Further, Batista argues, he contracted COVID-19 while incarcerated.

Batista's renewed motion is without merit. First, Batista does not raise any new or compelling ground for a modification to his sentence. As discussed in the Court's June 16, 2020

1

decision, "Batista's age [(he is currently 37)] and his medical conditions are not severe enough to warrant compassionate release." Id. at *3. Here, Batista's medical conditions and the guidance promulgated by the Centers for Disease Control and Prevention regarding relevant COVID-19 risk factors have not changed in any meaningful or substantial way. Accordingly, and once again, Batista has failed to articulate a sufficiently extraordinary or compelling reason why the COVID-19 pandemic warrants his immediate release.

Second, Batista represents that he has already contracted the virus. Accordingly, "the fundamental and overriding purpose of [Batista's] request for immediate release—i.e., the desire to remove him from an environment where he may contract the virus—is significantly less compelling than when the [June 16, 2020 d]ecision concluded that his immediate release was not warranted." United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2021 WL 793880, at *3 (S.D.N.Y. Mar. 2, 2021) (denying a similar renewed request for compassionate release).

Finally, and once again decisive here, even if Batista's health issues constituted "extraordinary and compelling reasons" to reduce his sentence, application of the § 3553(a) sentencing factors once again outweighs any such reduction. For the reasons stated in the June 16, 2020 decision and during Batista's December 17, 2019 sentencing, the Court finds that

modifying Batista's term of imprisonment, when he has served little more than 20 percent of his sentence, would disserve the sentencing factors set forth in 18 U.S.C. § 3553(a).

Accordingly, Batista's renewed motion for compassionate release is DENIED.

The Court will mail a copy of this Order to Batista today.

**SO ORDERED.**

Dated:  New York, New York
        May 5, 2021

_____
John F. Keenan
United States District Judge