**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA           :
                                   :
    -against-                      :   No. 19 Cr. 2 (JFK)
                                   :
HECTOR BATISTA,                    :   **OPINION & ORDER**
                                   :
                       Defendant.  :
------------------------------------X

APPEARANCES

FOR DEFENDANT HECTOR BATISTA:
    Pro se

FOR THE UNITED STATES OF AMERICA:
    Jeffrey C. Coffman
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant Hector Batista's ("Batista") second renewed pro se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 72.) By way of background, Batista filed his first motion for compassionate release on May 26, 2020. (ECF No. 58.) In a June 16, 2020, Opinion and Order, the Court denied Batista's motion on the grounds that he failed to establish that "extraordinary and compelling reasons" supported his release and the sentencing factors of 18 U.S.C. § 3553(a) weighed against modifying his sentence. See United States v. Batista, No. 19 Cr. 2 (JFK), 2020 WL 3249233, at *3-4 (S.D.N.Y. June 16, 2020). On April 27, 2021, Batista filed a renewed motion for compassionate release. In a May 11, 2021, Opinion and Order, the Court again denied

1

Batista's motion, concluding that he did not "raise any new or compelling ground" for modifying his sentence. United States v. Batista, No. 19 Cr. 2 (JFK), 2021 WL 1895030, at *1 (S.D.N.Y. May 11, 2021).  On January 31, 2022, Batista's filed a second renewed motion for compassionate release.  (ECF No. 72.)  In the instant motion, Batista argues that his underlying medical conditions, namely, asthma and hypertension, coupled with the spread of the COVID-19 Omicron variant, constitute "extraordinary and compelling reasons" warranting his release and transfer to home confinement.  (ECF No. 72.)  The Court disagrees.

As this Court has previously recognized, the COVID-19 Omicron variant continues to pose a serious threat to certain individuals, particularly those over the age of 60, who suffer from underlying medical conditions that significantly increase their risk of developing serious, possibly life-threatening illness from the virus.  See United States v. Brunetti, No. 01 Cr. 257 (JFK), 2022 WL 92753, at *5 (S.D.N.Y. Jan. 10, 2022). Batista, however, is 37 years old and his "medical conditions are not severe enough to warrant compassionate release." Batista, 2020 WL 3249233, at *3.  Batista's medical records demonstrate that his asthma is neither moderate nor severe and is managed with the occasional use of an inhaler.  See ECF No. 72.  As for his high blood pressure, Batista's hypertension is

not a "comorbidity" as defined by the Centers for Disease Control ("CDC") and does not significantly increase his risk of developing "severe COVID-19 outcomes."  See Ctrs. for Disease Control and Prevention, Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Providers, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited Feb. 14, 2022).  Furthermore, Batista is fully vaccinated and, as a result, he is unlikely to develop serious illness if infected with the Omicron variant.  See United States v. Jaber, No. 13 Cr. 485 (CM), 2022 WL 35434, at *3 (S.D.N.Y. Jan. 4, 2022) (noting that although "the Omicron variant appears to be more resistant to the vaccines. . . . recent studies have revealed that . . . vaccination still provides excellent protection against the most severe consequences [such as] death and extended hospitalization").

    Finally, the Court notes for a third time that even if Batista could show that "extraordinary and compelling reasons" supported his release, the sentencing factors of § 3553(a) weigh against modifying his sentence.  See Batista, 2020 WL 3249233, at *3; Batista, 2021 WL 1895030, at *1.  As the Court noted during Batista's December 17, 2019, sentencing, Batista "was an organizer, a supervisor, and a leader of [a] conspiracy" that involved the sale of more than 280 grams of crack cocaine.

(Sent. Tr. at 18:5-7, ECF No. 51.) Despite the seriousness of Batista's criminal conduct, the Court imposed a prison sentence of 120 months, the mandatory minimum sentence applicable to Batista's offense. Any reduction or modification to Batista's sentence at this time would be inconsistent with the sentencing factors enumerated in § 3553(a).

For the reasons set forth above, Batista's second renewed Motion for Compassionate Release (ECF No. 72) is DENIED. The Clerk of the Court is respectfully directed to terminate the motion docketed at ECF No. 72.

**SO ORDERED.**

Dated: New York, New York
February 14, 2022

John F. Keenan
United States District Judge